FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOMMAY R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:19-CV-03163-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Nos. 13, 14.  Attorney D. James Tree represents Sommay R. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 5.  After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration.  Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet.  *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION - 1

Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on January 29, 2016, Tr. 70-71, alleging disability since May 30, 2010, Tr. 229, 236, due to passing out, right-sided body weakness, pain, poor eyesight, his back, and a peptic ulcer, Tr. 270.  The applications were denied initially and upon reconsideration. Tr. 115-21, 123-27.  Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on May 14, 2018 and heard testimony from Plaintiff, medical expert Harvey Alpern, M.D., and vocational expert Kimberly Mullinax.  Tr. 32-55.  At the hearing, Plaintiff amended her alleged date of onset to January 29, 2016.  Tr. 35.  The ALJ issued an unfavorable decision on June 19, 2018 dismissing Plaintiff's DIB application and denying Plaintiff's SSI application by finding that Plaintiff was not disabled from January 29, 2016, the date of application, through the date of the decision.  Tr. 15-25.  The Appeals Council denied review on May 16, 2019.  Tr. 1-5.  The ALJ's June 19, 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c).  Plaintiff filed this action for judicial review on July 17, 2019.  ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 51 years old at the amended date of onset and the date of application.  Tr. 229.  Plaintiff completed his GED in 1990.  Tr. 271.  He reported that his preferred language was Lao, and he could not speak or understand English.  Tr. 269.  At the hearing, he had an interpreter.  Tr. 34.  His reported work history was as a mechanic.  Tr. 271.  When applying for benefits Plaintiff reported that he

stopped working on June 1, 2011 because of his conditions, but that he had made changes in his work activity due to his conditions as early as May 30, 2010. Tr. 270.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to

disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled." 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 19, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from January 29, 2016 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 29, 2016, the amended date of onset and the date of application. Tr. 18.

At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity and degenerative disc disease of the lumbar spine. Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined that he could perform a range of light work with the following limitations: "he requires a sit/stand option at will; he cannot climb ladders, ropes, or scaffolds, and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and he can frequently reach, handle, finger, and feel." Tr. 19. The ALJ identified Plaintiff's past relevant work as automobile mechanic and found that he could not perform this past relevant work. Tr. 23.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, cashier II, and storage facility rental clerk. Tr. 24. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from January 29, 2016, through the date of the ALJ's decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions in the record and (2) failing to properly weigh Plaintiff's symptom statements.

## DISCUSSION

### 1. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by William Drenguis, M.D., Harvey Alpern, M.D., Spencer Godfrey, ARNP, and Brent Packer, M.D. ECF No. 13 at 9-14.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another

ORDER GRANTING PLAINTIFF'S MOTION - 5

physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A.     William Drenguis, M.D.

On June 18, 2016, Dr. Drengius completed a Physical Evaluation of Plaintiff and provided an opinion as to his residual functional capacity. Tr. 401-05. He opined that Plaintiff's maximum standing and walking capacity with normal breaks to be four hours and his maximum sitting capacity to be four hours. Tr. 404-05. He stated that Plaintiff "would do best alternating sitting and standing every 30 to 45 minutes." Tr. 405. He limited Plaintiff's lifting and carrying to 20 pounds occasionally and 10 pounds frequently. *Id*. He limited Plaintiff to frequent balancing, occasional climbing, stooping, kneeling, and crawling. *Id*. He also limited Plaintiff to frequent reaching, handling, fingering, and feeling. *Id*. The ALJ assigned the opinion great weight. Tr. 22.

Plaintiff argues that the ALJ's residual functional capacity determination limiting Plaintiff to light work is inconsistent with Dr. Drengius' opinion that Plaintiff's standing/walking and sitting were limited to four hours and that the ALJ failed to provide any reason for rejecting this portion of the opinion. ECF No. 103 at 15. Defendant argues that the limitation to light work with an at will sit/stand option is consistent with Dr. Drengius' opinion. ECF No. 14 at 8.

"The [residual functional capacity] assessment must always consider and

address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p. Here, the question is whether Dr. Drengius' opinion is consistent with the residual functional capacity assessment of light work with an at will sit/stand option. The Court finds it is not.

> Light work is defined as follows:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b). "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." S.S.R. 83-10. Therefore, even with a sit/stand option, a residual functional capacity determination of light work means that Plaintiff would be expected to have the capacity to stand/walk up to a maximum six hours in an eight hour day, which is inconsistent with a maximum standing and walking capacity of four hours opined by Dr. Drenguis. *See* 20 C.F.R. § 416.945(a)(1) (The "residual functional capacity is the most you can still do despite your limitations.").

The sit/stand option Defendant relies upon does not negate that by finding Plaintiff capable of light work, the ALJ is finding that he can stand and/or walk for a maximum of six hours a day. Standing and/or walking six hours a day, is inconsistent with the opinion from Dr. Drenguis that Plaintiff can only stand and/or walk for a maximum of four hours a day. Therefore, remand is appropriate for the ALJ to properly address the opinion and form a new residual functional capacity

ORDER GRANTING PLAINTIFF'S MOTION - 7

determination.

### B.    Harvey Alpern, M.D.

Dr. Alpern testified at the May 14, 2018 hearing.  Tr. 35-40.  He provided a residual functional capacity opinion that included limiting Plaintiff's standing/walking to two hours and sitting to six hours.  Tr. 36.  Later in his testimony, he stated that "[a]ctually, four out of six for standing and that's not unreasonable either."  Tr. 37-38.  He then stated, "[m]y final thought is that he could stand and walk two, sit six."  Tr. 40.

The ALJ gave the opinion "only partial weight" because "his vacillation calls into question his confidence in his own opinion."  Tr. 22.  The ALJ then found that "Notably, however, the assigned residual functional capacity allows for either of the standing limitations espoused by Dr. Alpern, as it allows the claimant to sit and stand at will."

The Court finds that the residual functional capacity determination did not account for the standing limitations opined by Dr. Alpern.  As addressed at length above, a limitation to standing/walking a maximum of four hours is inconsistent with the definition of light work.  The "residual functional capacity is the most you can still do despite your limitations."  20 C.F.R. § 416.945(a)(1).  A finding that Plaintiff can perform light work means he has the ability to stand and/or walk for a maximum of six hours.  Neither of Dr. Alpern's opinions of standing and/or walking of four hours or two hours support a finding of the ability to perform light work.  Therefore, Dr. Alpern's opinion is to be readdressed on remand.

### C.    Spencer Godfrey, ARNP and Brent Packer, M.D.

On January 30, 2018, Nurse Godfrey completed a Psychical Functional Evaluation form for the Washington State Department of Social and Health Services.  Tr. 426-428.  He opined that Plaintiff was limited to sedentary work and estimated that the limitation would persist with available medical treatment for twelve months.  Tr. 428.  On February 19, 2018, Dr. Packer reviewed Nurse

Godfrey's opinion and records from Tri-Cities Community Health and Trios Health and appeared to confirm the limitation to sedentary work. Tr. 436.

The ALJ gave these opinions little weight for four reasons: (1) Nurse Godfrey "completed a check-box form without substantial analysis in support of the limitations assigned"; (2) the opinion was not supported by the objective medical evidence; (3) the opinion was not consistent with Plaintiff's level of activity; and (4) the opinion was not consistent with Plaintiff's limited course of treatment. Tr. 22.

This case is being remanded for the ALJ to readdress the opinions of Dr. Drengius and Dr. Alpern who both provided residual functional opinions that placed Plaintiff's functional abilities at less than light work. *See supra*. Therefore, the ALJ will readdress the opinions limiting Plaintiff to sedentary work from Nurse Godfrey and Dr. Packer on remand.

**2.    Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 5-12.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this

ORDER GRANTING PLAINTIFF'S MOTION - 9

1 decision." Tr. 20.  The evaluation of a claimant's symptom statements and their
2 resulting limitations relies, in part, on the assessment of the medical evidence.  See
3 20 C.F.R. § 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being
4 remanded for the ALJ to readdress the medical source opinions in the file, a new
5 assessment of Plaintiff's subjective symptom statements is necessary.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

This case is remanded for additional proceedings because there is no vocational testimony in the record addressing a residual functional capacity similar to that opined by Dr. Drenguis which limited Plaintiff to only four hours of standing/walking and only four hours of sitting.  Therefore, even if Dr. Drenguis' opinion were credited as true, there is an outstanding issue at steps four and five.  In accord with S.S.R. 83-12, a vocational expert is required to address steps four

ORDER GRANTING PLAINTIFF'S MOTION - 10

and five with such a residual functional capacity.  Additional proceedings are necessary for the ALJ to further address the medical source opinions in the record and Plaintiff's symptom statements.  Additionally, the ALJ will supplement the record with any outstanding medical evidence pertaining to the period in question and take testimony from a vocational expert.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED July 17, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE